The opinion of the Court in both actions was now delivered by
Smith, C. J.,
after stating the pleadings and the latter case.
Inasmuch as Reynolds’s suit was first commenced, Libbey ought to have pleaded his demand by way of set-off; then the costs would have fallen on the debtor. This is on the presumption that there was no dispute respecting the justice of either demand. It seems there is none respecting Reynolds’s demand. But, if Reynolds denied the justice of Libbey’s demand, it is not unreasonable that Libbey should do any act in his power to make the costs of prosecuting it fall on Reynolds, if any thing should be recovered. But these are considerations which can in no way influence our judgment in the first action, nor, perhaps, in the second.
*199 By the replication it appears that the only objection to the tender is, that the plaintiff, Reynolds, is thereby deprived of an opportunity of pleading the demand which he had then sued by way of set-off to the suit Libbey had then commenced against him. Reynolds’s demand having been sued, he was not, on that account, precluded from setting it off. Brown v. Baskerville, 2 Burr. 1229 ; 3 T. R. 186. As this matter of defence arises after action brought, it cannot be pleaded in bar of the action generally ; but only a bar to further proceedings. 4 East, 507 ; 3 T. R. 186 ; 1 Selw. 118, n.; Statutes, ed. 1805, 96. It is so pleaded in this case; and the whole sum, the amount of the debt, is tendered. It seems, therefore, clear that, by the statute [1] which authorizes this tender, it is good; and the defendant, Libbey, must have judgment for his costs; and plaintiff, Reynolds, may have the money tendered, and which has been brought into court. Reynolds’s attorney should have accepted the money tendered, and Reynolds should not have entered his action, but might immediately have tendered it to Libbe.y for his demand, or might have brought it into court. The only inconvenience attending this course would be that Reynolds would be compelled to pay the cost which had accrued before the tender, or payment of money into court. If Libbey’s demand were unjust, then there can be no well-founded objection to this tender ; because then no tender or offset would be necessarj^ on Reynolds’s part.
*200 The statute respecting tenders to attorneys seems to have made no exception of demands where it would be better for the creditor not to have than to have his money. If the debtor will pay the whole demand, in all cases he may tender to the attorney. If Reynolds had not sued the note, but Libbey had first sued his account, Libbey, at common law, might have paid the note or tendered to the party the amount due. If Reynolds had afterwards sued, such tender would be a good bar. So, if Reynolds had pleaded it by way of set-off, the tender would have been a good bar to the set-off. The statute seems to have given precisely the same effect to a tender after suit commenced as before, and to attorney as well as to the party. On this suit, therefore, Libbey must have judgment for his costs; the replication being bad.
The next question is, whether Reynolds is entitled to avail himself of the note, notwithstanding the tender, by way of set-off to Libbey’s demand in the second suit.
To entitle Reynolds to set off the note in this case against Libbey’s account, it must be a debt due from Libbey to Reynolds at the time of set-off pleaded, and recoverable by suit at law; it must also have been justly due and accruing to Reynolds at the time Libbey commenced his suit. Statutes, ed. 1805, 141. Now, when this set-off was pleaded, there was no debt due from Libbey to Reynolds; the proceeding which had taken place, i. e. the tender to the attorney, by the statute, had barred any further process or proceeding. Laws, ed. 1805, 96. Reynolds could not lawfully proceed in the suit commenced; he could not discontinue that and commence another action ; he could not avail himself of the demand in any other way. To plead it by way of set-off is process or proceeding on the note ; it is still considering it and treating it as a debt due him. Libbey had appropriated the money tendered to the payment of ,the note ; and, by entering the action on the note, Reynolds made it the duty of Libbey to bring the money into court and have it ready to bar the action or further proceeding in it. After having done this, Reynolds cannot treat all this as a nullity, and compel Libbey to pay *201 the debt in another and different way. The money tendered has become the property of Reynolds at his election, Libbey has no longer any control over it. If he exercises any such control, he destroys the tender. Reynolds can take the money out of court, and tender it in Libbey’s action, or bring it into court; i. e., he may elect to receive it in the action on the note, and obtain a rule to have it considered as so much brought into court on Libbey’s action against him. But this does not amount to that. Here he pleads the note as a set-off.
From the case of Evans v. Prosser, 3 T. R. 186, it would seem that a tender by Libbey, after Reynolds had pleaded the note by way of set-off, would not do away with the set-off. And this is reasonable.
Under the circumstances of this case, Reynolds suffered no injury by following the advice of the Court in withdrawing his set-off. It would not have availed him if it had remained in the case. And, therefore, judgment must be entered on the verdict.[1]

 An act in addition to an act, entitled, “ An Act regulating Process and Trials in Civil Causes.”
Whereas, in said act, there is no mode provided, after the service of a writ, and before trial, whereby the defendant can oblige the plaintiff to settle his action, which tends greatly to increase the cost in civil causes.
For remedy whereof,
Be it enacted by the Senate and House of Representatives, in General Court convened, That, at any time before the sitting of any court, to which any writ shall be returnable, or at any time before judgment shall be rendered thereon, any defendant who shall make application to the plaintiff’s attorney, who brought the action, and actually tender to him the amount of the debt and the lawful costs that may have arisen, such tender shall be a bar to any further process, any usage or custom to the contrary notwithstanding.
Approved Dec. 13, 1796.
Compare Gen. Laws, c. 227, § 1.

 A suit having been brought upon a note, the defendant paid into court the amount of the debt and costs. The plaintiff took the money-out of court, but declined accepting it in satisfaction of his claim, because he had filed the note as a set-off in a suit which the defendant had brought against him. Held, that the note was paid, and that it could not bo used as a set-off. Molineux v. Eastman, 1843, 14 N. H. 504. “ To be a proper matter for offset, a claim must not only be due and actionable when the suit was commenced, hut it must continue so to the time of the trial and verdict.” If a note held by defendant against plaintiff at the date of plaintiff’s writ, afterwards, during the pendency of plaintiff’s action, passes into judgment, it ceases to he a proper matter of set-off. Andrews v. Varrell, 1805, 46 N. H. 17.
A defendant cannot file the same matter in set-off in two separate actions pending against him at the same time. Chase v. Strain, 1844, 15 N. H. 535. Each item in an account is a separate claim; and hence filing all the items except one, in set-off, in a suit in which judgment was rendered upon the merits, does not prevent the creditor from prosecuting an action upon the item not filed. Bailey v. O’Connor, 1848, 19 N. H. 202. But a judgment, being entire, canuot be divided, and a part filed in offset and the other left out. Sargent, J., in Andrews v. Varrell, ubi sup. 21; and see Chase v. Strain, ubi sup.